IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO.  03-30137-01-GPM |
| | ) | |
| DARRON J. MURPHY, SR., | ) | CIVIL NO. 06-343-GPM |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the court on Darron J. Murphy Sr.'s "Motion to Correct Sentence" (Doc. 150) which he attempts to file pursuant to 18 U.S.C. § 3742 and Federal Rules of Criminal Procedure 12(b), 35 and 36.  This motion is nothing more than recaptioning — of what is, in substance, Murphy's second application to file another section 2255 petition — in a futile attempt to do an end-run around the strictures of 28 U.S.C. § 2255.  Recaptioning, however, does not allow a prisoner to avoid the requirements of § 2255(h), which bans successive petitions without first receiving approval of the appropriate court of appeals.  *See, e.g., Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005); *United States v. Woods*, 169 F.3d 1077, 1079 (7th Cir. 1999).

Murphy filed his first section 2255 motion on May 1, 2006, and it was dismissed by this Court on May 7, 2008 (Case No. 06-343-GPM, Doc 20).  Murphy then filed a Motion for a Certificate of Appealability (COA) on June 23, 2008 (*Id.*, Doc. 23), and it was denied by this Court on July 18, 2008 (*Id.*, Doc. 26).  The Seventh Circuit Court of Appeals reviewed this Court's final

order and, finding no substantial showing of the denial of a constitutional right, denied Murphy's request for a COA on January 5, 2009 (*Id.*, Doc. 32).  However, on July 21, 2009, this Court granted Murphy's Motion for Sentence Reduction pursuant to 18 U.S.C. 3582(c)(2) based on a retroactive application of the Sentencing Guidelines as applied to crack cocaine offenses (Case No. 03-30137, Doc 136).  Accordingly, Murphy's sentenced was reduced from a total of 235 months to a total of 214 total (*Id.*).  On August 3, 2009, Murphy, through appointed counsel, filed a Notice of Appeal of the Court's Order reducing his sentence (*Id.*, Doc. 137).  This appeal is pending.  On August 5, 2009, Murphy, acting *pro se*, moved for Leave to File a Second Successive Petition under section 2255 (*Id.*, Doc. 143).  This application was denied because, as this Court specifically noted, "only the Seventh Circuit Court of Appeals may authorize the commencement of a second or successive petition" (*Id.*, Doc. 144, p. 2).

      Nevertheless, Murphy now attempts to a file a motion that is, in substance, another section 2255 petition to correct his sentence.  But, "substance trumps form."  *United States v. Boyd*, No. 09-2067, 2010 WL 114931, at *1 (7th Cir. Jan. 14, 2010).  Indeed, "any post-judgment motion in a criminal proceeding that fits the description of a motion to vacate, set aside, or correct a sentence set forth in the first paragraph of section 2255 should be treated as a section 2255 motion." *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007), *citing United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000); *see also United States v. Lloyd*, 398 F.3d. 978, 980 (7th Cir. 2005).  The statutes Murphy cites are either completely inapplicable or inapposite to his goal of correcting his sentence, and his generic recaptioning is unavailing.  As such, this Court must treat Murphy's motion as another application to file another section 2255 motion.

      Because this Court has no jurisdiction to entertain repeat section 2255 motions without the

prior authorization of the court of appeals, which here was not sought or given, Murphy's motion must be dismissed. *See Boyd*, 2010 WL 114931, at *3. Accordingly, Murphy's Motion to Correct Sentence (Doc. 150), which in reality is his second application to file a second successive petition under 28 U.S.C. § 2255 (Doc. 143) is **DISMISSED**.

Finally, on February 16, 2010, Murphy filed yet another "Post Trial Motion to Dismiss Indictment . . ." (Doc. 151). For exactly the same reasoning outlined above, this Motion also is **DISMISSED**. Murphy's only avenue for potential redress runs through the Court of Appeals. For the foregoing reasons, this Court simply cannot and will not entertain this motion, or any future motions regarding Murphy's sentence, unless it is directed otherwise by the Court of Appeals.

**IT IS SO ORDERED.**

DATED: 02/19/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge