IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | )   CRIMINAL NO. 03-30137-01-GPM |
| vs. | ) |
| | )   CIVIL NO. 06-343-GPM |
| **DARRON J. MURPHY, SR.,** | ) |
| | ) |
| **Defendant.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On February 19, 2010, this Court dismissed, for lack of jurisdiction, Petitioner's Motion to Correct Sentence (Doc. 150) and Petitioner's "Post Trial Motion to Dismiss Indictment …" (Doc. 151), construing both as successive motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (*see* Doc. 152).[1]  On April 1, 2010, this Court once again dismissed, for lack of jurisdiction, Petitioner's "Motion That the Court Recall It's [sic] Order …" (Doc. 154),[2] and

---

[1] Petitioner filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on May 1, 2006 (Case No. 06-343-GPM, Doc. 1).  This Court denied his motion on the merits on May 7, 2008 (Doc. 20).  Then, on July 18, 2008, this Court denied Petitioner's motion for certificate of appealability (COA) because he had not made a substantial showing of the denial of a constitutional right (Doc. 26). *See* 28 U.S.C. § 2253(c)(2).  The Seventh Circuit Court of Appeals came to the same conclusion and denied Petitioner's request for a COA on February 27, 2009 (Case No. 08-2562, Doc. 71958445).

Since then, Petitioner has filed five post-trial motions in his *criminal case* (No. 03-30137, Docs. 129, 143, 150, 151 and 154) challenging his sentence *after* it was affirmed on direct appeal (Doc. 107).  In its last *three* Orders, this Court offered express guidance that, prior to filing a second or successive § 2255 motion, Petitioner must receive authorization from the court of appeals. § 2255(h); 28 U.S.C. § 2244.

[2] The full title of Petitioner's this motion is eleven lines long.  Further, in the caption Petitioner writes, "NOT TO BE CONSTRUED AS A § 2255 MOTION," and cites *Adams v. U.S.*, 155 F.3d 582 (2d Cir. 1998), a Second Circuit case that is not binding upon this Court and concerns the notice a court is required to give a Petitioner on an *initial* § 2255 motion and thus, inapplicable to successive § 2255 motions.

Directed the Clerk of Court to return unfiled any further motions submitted by Petitioner challenging the dismissal of this action (Doc. 155). *See Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Petitioner then filed a notice of appeal on April 20, 2010, from this Court's last two Orders (Doc. 156).

Given the convoluted procedural state of Petitioner's repeat claims, it is not entirely clear whether this Court should construe Petitioner's notice of appeal as another request for a certificate of appealability (COA).[3] *See, e.g.*, *U.S. v. Carraway*, 478 F.3d 845 (7th Cir. 2007) (After construing Carraway's request for relief under Rule 60(b)(5) as a successive § 2255 motion over which it had no jurisdiction, the district court treated his motion to proceed on appeal in forma pauperis as "an implicit request for a certificate of appealability pursuant to § 2253(c)."). To the extent this Court is required to construe Petitioner's notice of appeal as a request for a COA, however, the request is denied because Petitioner has, once again, failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." For purposes of the statute, a substantial showing of the denial of a constitutional right means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322,

---

[3] After an *initial* motion under § 2255 is dismissed, a Petitioner may not proceed on appeal without a certificate of appealability issued by either the district court or the court of appeals. As such, district courts, in that context, normally construe a notice of appeal as also requesting a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). By contrast, any attempt to file a second or successive § 2255 motion must first be authorized by the court of appeals. § 2255(h); § 2244  Here, however, Petitioner has refused, in spite of this Court's express guidance, to seek authorization from the Court of Appeals. Instead, he has chosen to file a notice of appeal — a scenario not directly covered by statute or case law.

336 (2003)); *Cf. Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

The Court has carefully considered and reviewed all of Petitioner's arguments.  For the reasons set forth in the Court's May 7, 2008 Memorandum and Order (*see* Case No. 06-343, Doc. 20), Petitioner has not made a substantial showing of the denial of a constitutional right.  This conclusion already has been upheld once by the court of appeals.  Nevertheless, Petitioner has chosen to repeat, at least four times, the same substantive arguments, using creative, lengthy and, often- times, nonsensical captioning, in an attempt to do an end-run around § 2255(h)'s ban on second or successive motions without prior authorization from the court of appeals.  Apparently, this Court's  repeated direction — that the *substance* of Petitioner's motions will determine how they are handled; not the creative captions — has fallen upon def ears (*See, e.g.*, Doc. 152, p.2, *citing United States v. Boyd*, 591 F.3d 953, 955 (7th Cir. 2010)("Substance trumps form")).

Accordingly, for the foregoing reasons, the Court **DECLINES** to issue a certificate of appealability.  Pursuant to Federal Rule of Appellate Procedure 22(b), Petitioner may present his request for a certificate of appealability to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED:  04/30/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge